- BurberrysOutletsDress.com
- BurberryStoreSale.com
- Burberrys-Vision.com
- BurberryVision.com
- Burberry-Vision.com
- BurberryVisions.com
- Burberry-Visions.com
- Burberry-Womens.com
- Burberryz.com
- CheapBurberry-Outlet.com
- CheapBurberry-OutletOnline.com
- CheapBurberryOutletSale.net
- CheapBurberrySaleOutlet.com
- CheapBurberrySaleOutlet.net
- CheapBurberrySaleOutlet.org
- CheapBurberrySaleOutlets.com
- CheapBurberrySaleOutlets.net
- CheapBurberrySaleOutlets.org
- CheapBurberrySelling.com
- CheapBurberrysSaleOutlet.com
- CheapBurberrysSaleOutlet.net
- CheapBurberrysSaleOutlet.org
- DiscountBurberryOutlet.com
- MyBurberrySale.com
- OnlineBurberryOutlet.net
- Online-BurberryOutlet.net
- Online-BurberryOutlet.org
- OnlinesBurberryOutlet.com
- TopBurberrySales.com
- USABurberryForSale.com
- USA-BurberryForSale.net
- USABurberryHandbagsSale.com
- USBurberry-Outlet.com
- YesBurberryVision.com

*Id.*

52. Defendants have registered and are using the Infringing Domain Names with the bad-faith intent to profit from the Burberry Trademarks, namely confusing consumers into believing that the Defendants' Infringing Websites selling counterfeits are actually selling authentic Burberry goods, when they are not.

53. To evade detection and to impede Plaintiffs' ability to monitor their unlawful conduct, the Defendants frequently and rapidly circulate the Infringing Websites among the several Infringing Domain Names. The Infringing Domain Names are currently used or have been used in connection with an Infringing Website selling Counterfeit Products. However, at any particular moment any one Infringing Domain Name may: a) resolve to an Infringing Website; b) redirect to another associated Infringing Website; c) redirect to an as yet undiscovered website incorporating the BURBERRY® trademark in the domain name; or, d) redirect to an as of yet undiscovered website selling Counterfeit Products; or e) may appear

17

inactive, but in reality is being held in reserve by the Defendants until they next reconfigure their counterfeiting network.

54.  Further, on information and belief, Defendants have made active use of the services of U.S. banks, credit card companies, credit card processing agencies, and/or other financial institutions or agencies that engage in the transfer of funds in order to carry out, facilitate, complete or ratify the unlawful actions complained of herein, or used such entities to hold, transfer, remit, relay, maintain, or invest profits from the unlawful activities described herein. For example, on information and belief, the Defendants have made use of the PayPal service and major credit cards, such as MasterCard and Visa to receive financial payment for Counterfeit Products sold on the Infringing Websites.

## FIRST CLAIM FOR RELIEF
### (Against All Defendants)

### Federal Trademark Counterfeiting In Violation of Sections 32(1)(a) and (b) of the Lanham Act (15 U.S.C. § 1114)

55.  Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

56.  Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), provide, in relevant part, that any person who shall, without the consent of the registrant –

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…

18

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

57. Defendants have willfully used numerous designations that are counterfeits of the registered Burberry Trademarks on goods for which Plaintiffs hold federal trademark registrations.

58. Additionally, without the consent of Burberry, Defendants have applied one or more counterfeit Burberry Trademarks onto packaging materials, sales receipts and other printed materials in connection with the sale, offering for sale and/or distribution of goods for their own personal financial gain.

59. Burberry has not authorized Defendants' use of any of the Burberry Trademarks to advertise, offer for sale, sell and/or distribute Defendants' counterfeit products.

60. Defendants' unauthorized use of the Burberry Trademarks on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiffs' registered marks in commerce.

61. Defendants' unauthorized use of the Burberry Trademarks is likely to cause confusion, mistake or deceive; cause the public to believe that Defendants' products are authorized, sponsored or approved by Burberry when they are not; and result in Defendants unfairly and illegally benefitting from Burberry's goodwill.

62. Accordingly, Defendants have engaged in trademark counterfeiting in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and are liable to Burberry for all damages related thereto, including but not limited to actual damages, infringing profits and/or statutory damages, as well as attorney's fees.

63. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.

64. Burberry has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

65. Defendants' egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized Burberry Trademarks is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants)

### Federal Trademark Infringement In Violation of Section 32 of the Lanham Act (15 U.S.C. § 1114)

66. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

67. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

68. The Burberry Trademarks are federally registered. These trademarks are distinctive and are associated in the mind of the public with Burberry.

69. Additionally, based on Burberry's extensive advertising, sales and the popularity of their respective products, the Burberry Trademarks have acquired secondary meaning so that the public associates these trademarks exclusively with Burberry.

70. Defendants have used counterfeit reproductions of one or more of the Burberry Trademarks in connection with the advertising, sale, offering for sale and/or distribution of goods for their own financial gain.

20

71. Burberry has not authorized Defendants' use of any of the Burberry Trademarks.

72. Defendants' unauthorized use of the Burberry Trademarks on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiffs' registered marks in commerce.

73. Defendants' unauthorized use of the Burberry Trademarks is likely to cause confusion, mistake or deceive; cause the public to believe that Defendants' products emanate or originate from Burberry when they do not, or that Burberry has authorized, sponsored, approved or otherwise associated itself with Defendants or their counterfeit products bearing the Burberry Trademarks.

74. Defendants' unauthorized use of the Burberry Trademarks has resulted in Defendants unfairly and illegally benefitting from Burberry's goodwill. This has caused substantial and irreparable injury to the public, Burberry, the Burberry Trademarks, and the substantial goodwill represented thereby.

75. Accordingly, Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

76. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.

77. Burberry has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

78. Defendants' egregious conduct in repeatedly selling infringing merchandise bearing the unauthorized Burberry Trademarks is willful and intentional, and thus this constitutes an exceptional case.

### THIRD CLAIM FOR RELIEF

21

### (Against All Defendants)

### Cybersquatting Under the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d)(1))

79.     Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 69 above as if fully set forth herein.

80.     15 U.S.C. § 1125(d)(1)(A) provides that:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—

(i)     has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

(ii)    registers, traffics in, or uses a domain name that—

    (I)     in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

    (II)    in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark…

81.     The domain names that Defendants have registered are identical to, and/or confusingly similar to one or more of the Burberry Trademarks, which were distinctive and/or famous at the time that the Defendants registered each of these domain names.

82.     The Defendants registered and have used their domain names with bad-faith intent to profit from the Burberry Trademarks.

83.     Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

84.     The Defendants had no bona fide noncommercial or fair use of the Burberry Trademarks.

85. The Defendants intended to divert consumers away from Burberry to a site accessible under infringing domain names that could harm the goodwill represented by the Burberry Trademarks for commercial gain, and with the intend to tarnish and disparage the Burberry Trademarks, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Infringing Domain Names and Infringing Websites.

86. Defendants' acts have caused and will continue to cause irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Trade Dress Infringement and False Designation of Origin
### In Violation of Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a))

87. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 77 above as if fully set forth herein.

88. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

89. By making unauthorized use, in interstate commerce, of the Burberry Trademarks, the Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendants with

23

Burberry and as to the origin, sponsorship, association or approval of the Defendants' services and goods by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

90. The Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendants' products as those of Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

92. The Defendants' acts have caused and will continue to cause irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

93. The Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

## FIFTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

**Federal Trademark Dilution In Violation of Section 43(c) of the Lanham Act
(15 U.S.C. § 1125(c))**

94. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 84 above as if fully set forth herein.

95. Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides, in relevant part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

96. Burberry is the exclusive owner of the Burberry Trademarks.

97. The Burberry Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

98. The Burberry Trademarks are all distinctive marks that have been in use for many years and play a prominent role in Burberry's marketing, advertising and the popularity of its products across many different media.

99. The Burberry Trademarks were famous long before the Defendants began using unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Trademarks on their unauthorized merchandise.

100. The Burberry Trademarks have gained widespread publicity and public recognition in New York and elsewhere.

101. To enhance its rights further, Burberry obtained federal registrations for the Burberry Trademarks.

102. The Defendants' sale of goods that use the Burberry Trademarks constitutes use in commerce of the Burberry Trademarks and Designs.

103. Burberry has not licensed or otherwise authorized the Defendants' use of the Burberry Trademarks.

104. Consumers are likely to purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products.

105. The Defendants' use of the Burberry Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. The Defendants' unlawful use of the Burberry Trademarks in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and the Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry's products.

106. The Defendants' acts have caused and will continue to cause irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

**Trademark Dilution In Violation of the New York General Business Law**
**(N.Y. Gen. Bus. Law § 360-l)**

107. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 97 above as if fully set forth herein.

108. New York General Business Law, Section 360-l provides that:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

109. Burberry is the exclusive owner of the Burberry Trademarks.

110. Through prominent, long and continuous use in commerce, including commerce within New York, the Burberry Trademarks have become, and continue to become, famous and distinctive.

26

111. Long after the Burberry Trademarks became famous, the Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Trademarks.

112. The Defendants' unauthorized use of the Burberry Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods.

113. The Defendants' unlawful use of the Burberry Trademarks in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and the Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry ' products.

114. By the acts described above, the Defendants have diluted, and is likely to dilute the distinctiveness of the Burberry Trademarks and caused a likelihood of harm to Burberry's business reputation in violation of Section 360–l of the New York General Business Law.

115. The Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)

**Deceptive Acts and Practices Unlawful In Violation of the New York General Business Law (N.Y. Gen. Bus. Law §§ 349 and 350)**

116. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 106 above as if fully set forth herein.

117. New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

118. New York General Business Law, Section 350 states, in relevant part, that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

119. Through its importation, advertisement, distribution, offer to sell and sale of unauthorized products bearing the Burberry Trademarks, the Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

120. The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Burberry has been injured thereby.

121. By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

122. The Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)

**Trademark Infringement In Violation of New York State Common Law**

123. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 113 above as if fully set forth herein.

124. The Plaintiffs own all right, title and interest in and to the Burberry Trademarks as described above, including all common law rights in the Burberry Trademarks.

125. The products sold by the Defendants incorporate imitations of Burberry's common law trademarks. The Defendants' use of the Burberry Trademarks is unauthorized, and is likely to cause consumer confusion.

126. By the acts described above, the Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

127. The Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)

**Unfair Competition In Violation of the New York Common Law**

128. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 118 above as if fully set forth herein.

129. The Defendants have palmed off their goods as those of the Plaintiffs, improperly trading upon the Plaintiffs' goodwill and valuable rights in and to the Burberry Trademarks.

130. The Defendants committed the above alleged acts willfully, and in conscious disregard of Burberry's rights, and Burberry is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of the Defendants.

131. By the acts described above, the Defendants have engaged in unfair competition in violation of the common law of the State of New York.

132. The Defendants' acts have caused and will continue to cause irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

    a. The Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b. The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. The Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    d. The Defendants have violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

    e. The Defendants have diluted the distinctiveness of the Burberry Trademarks and caused injury to Burberry ' business reputation in violation of Section 360-l of the New York General Business Law;

    f. The Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

    g. The Defendants have engaged in trademark infringement in violation of the common law of the State of New York;

    h. The Defendants have engaged in unfair competition in violation of the common law of the State of New York;

    i. That the above acts were done willfully, and/or intentionally.

2. For entry of an **ORDER** permanently enjoining and restraining the Defendants, and its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

    a. Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks (as defined herein) for and in connection with any goods or their packaging not authorized by Burberry;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Burberry Trademarks;

    c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Burberry, or sponsored by or associated with Burberry, and from offering such goods into commerce;

    d. Further infringing the Burberry Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Burberry that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks;

    e. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks in connection with the promotion, advertisement,

display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

f. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

g. Infringing the Burberry Trademarks, or Plaintiffs' rights therein, or using or exploiting the Burberry Trademarks, or diluting the Burberry Trademarks;

h. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Burberry Trademarks; and

i. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

3. For an entry of an **ORDER** directing that the Defendants deliver up for destruction to Burberry all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

4. For entry of a **FURTHER ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

5. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by the Defendants are authorized by Burberry or related in any way to Burberry's products.

6. For an assessment of the **ACTUAL DAMAGES** suffered by Burberry, trebled, and an award of all profits that Defendants have derived from using the Burberry Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7. Alternatively, that Burberry be awarded **STATUTORY DAMAGES** pursuant to 15 U.S.C. § 1117 of no less than **one hundred million dollars ($100,000,000.00)**, based on, *inter alia*, the maximum amount available of two million dollars ($2,000,000) per trademark willfully counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and costs; and awarding profits, damages and fees, to the full extent available, pursuant to

Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

8. For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

### A TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

January 20, 2012

Respectfully Submitted,

Joseph C. Gioconda (JG4716)
Jonathan A. Malki (JM4410)
Kristin Lia (KL7394)
THE GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
Joseph.Gioconda@GiocondaLaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

*Attorneys for Plaintiffs*
*Burberry Limited and Burberry Limited*